UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| ARLANDUS M. NOLEN #273394, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:06-cv-125 |
| ) | |
| v. ) | HON. ROBERT HOLMES BELL |
| ) | |
| TIMOTHY LUOMA, et al., ) | |
| ) | |
| Defendants. ) | **OPINION** |
| ) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies with regard to some of the named defendants, the Court will dismiss his complaint, in part, without prejudice.

**Discussion**

I.      Factual allegations

Plaintiff is presently incarcerated at the Baraga Maximum Correctional Facility (AMF). In his *pro se* complaint, he sues Defendants Warden Timothy Luoma, Deputy Warden Darlene Edlund, Assistant Deputy Warden H. Ansell, Litigation Coordinator Janice Ansell, Assistant Deputy Warden William Luetzow, Inspector Unknown Burnette, Resident Unit Manager Terri Arredia, Case Manager R. LaLonde, Grievance Coordinator Beth Smith, Grievance Coordinator T. Tollefson, Dr. Unknown Weiss, Sergeant Matt Obiden, Sergeant Leslie Haataja, Sergeant Unknown

Kemp, Sergeant Brady Perry, Sergeant Robert Warr, Resident Unit Officer Rickey Wertenan, Resident Unit Officer Kelley Reynolds, Resident Unit Officer Brian Hoover, Resident Unit Officer Unknown Haataja, Resident Unit Officer Unknown Lataendresse, Resident Unit Officer Unknown Linberg, Resident Unit Officer G. Kinnunen, Resident Unit Officer Unknown Johnson, Resident Unit Officer Andy Hill, Resident Unit Officer Unknown Minirich, Resident Unit Officer Unknown Pellow, Resident Unit Officer Unknown Etelamaki, Resident Unit Officer Unknown Jacobson, Resident Unit Officer Kevin Lampella, Resident Unit Officer Unknown Redinger, Resident Unit Officer T. Tremble, Corrections Officer Unknown Kommes, Corrections Officer Unknown Nagele, Resident Unit Officer Unknown Schnider, Hearing Officer Susan Burke, Manager Internal Affairs Stephen Marscke, Resident Unit Officer L. Miller, Prisoner Affairs Director James Armstrong, Governor Jennifer Granholm, and Case Manager Brandon Sweeney.

Plaintiff claims that Defendants retaliated against him for filing grievances by engaging in a variety of misconduct against him, including seizing and destroying his property, denying him food, water, yard, cleaning supplies, and bedding, threatening him, falsifying misconduct charges against him, depriving him of religious material and the ability to practice his religion, interfering with legal mail, improperly placing him on modified access to the grievance procedure, and assaulting him with no provocation. For relief, Plaintiff requests damages and equitable relief.

II.     Lack of exhaustion of available administrative remedies

Plaintiff has failed to sufficiently allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies.

*See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 516; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement sua sponte. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 525 U.S. 833, 119 S. Ct. 88 (1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available. *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S. Ct. 634 (2000). A prisoner must specifically mention the involved parties in the grievance to make prison officials aware of the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001).

Plaintiff's claims are the type of claims that may be grieved through the three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective 4/28/03); ¶ R (may grieve alleged "racial or ethnic discrimination or staff brutality or corruption" directly to Step III) (effective 4/28/03)**.**

The burden to allege and show exhaustion belongs to Plaintiff. *See* 42 U.S.C. § 1997e(a); *Knuckles El*, 215 F.3d at 642; *Brown*, 139 F.3d at 1104. This requirement is "so that the

district court may intelligently decide if the issues raised can be decided on the merits." *Knuckles El*, 215 F.3d at 642. Plaintiff attaches numerous copies of grievances and responses to his complaint in an effort to show that he complied with the exhaustion requirement. A review of the attachments to Plaintiff's complaint indicates that he either did not name the following Defendants in a grievance, or they were named in grievances which were rejected as untimely.[1] These Defendants are Janice Ansell, Terrie Arredia, Unknown Weiss, Matt Obiden, Unknown Kemp, Robert Warr, Unknown Haataja, Unknown Lataendresse, Unknown Linberg, G. Kinnunen, Unknown Minirich, Unknown Pellow, Unknown Etelamaki, Unknown Jacobson, Unknown Redinger, T. Tremble, Unknown Kommes, Unknown Schnider, Susan Burke, L. Miller, James Armstrong and Jennifer Granholm. Accordingly, the Court finds that Plaintiff has failed to demonstrate exhaustion of available administrative remedies with regard to these Defendants.

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright*, 111 F.3d at 417. Rather, dismissal of the unexhausted claims without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997); *Bradford v. Moore*, No. 97-1909, 1998 WL 476206, at *1 (6th Cir. Aug. 3, 1998). Accordingly, the Court will dismiss Plaintiff's claims against Defendants are Janice Ansell, Terrie Arredia, Unknown Weiss, Matt Obiden, Unknown Kemp, Robert Warr, Unknown Haataja, Unknown Lataendresse, Unknown Linberg, G. Kinnunen, Unknown Minirich, Unknown Pellow,

---

[1] Prisoners must comply with applicable procedural rules, including deadlines, when exhausting administrative remedies as a precondition to bring an action in federal court. *Woodford, et al. v. Ngo*, S. Ct. No. 05-416, Slip Op. p. 21 (Mar. 22, 2006).

- 4 -

Unknown Etelamaki, Unknown Jacobson, Unknown Redinger, T. Tremble, Unknown Kommes, Unknown Schnider, Susan Burke, L. Miller, James Armstrong and Jennifer Granholm without prejudice.

## Motion for Temporary Restraining Order

Plaintiff has filed a motion for a temporary restraining order (docket #4) in which he cseeks the immediate return of his confiscated legal material. The Sixth Circuit has explained that a court confronted with a request for injunctive relief must consider and balance four factors:

> 1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
>
> 2. Whether the movant has shown irreparable injury.
>
> 3. Whether the preliminary injunction could harm third parties.
>
> 4. Whether the public interest would be served by issuing a preliminary injunction.

*Mason County Medical Ass'n. v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). *See also*, *Frisch's Restaurant Inc. v. Shoney's*, 759 F.2d 1261, 1263 (6th Cir. 1985); *Ardister v. Mansour*, 627 F.Supp. 641 (W.D. Mich. 1986).

Moreover, where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2nd Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

In this case, Plaintiff claims that he had been preparing pleadings for a "writ on his parole violation," and that he had documents pertaining to his petition for judicial review in the Thirtieth Circuit Court taken, as well as transcripts from his original conviction, carbon copies of administrative complaints against staff, and pleadings in his § 1983 action and affidavits from prisoners. Plaintiff claims that the Defendants' retention of these items is delaying him in filing "his litigation." However, in order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999). Plaintiff has failed to sufficiently support such a claim so as to show a strong or substantial likelihood or probability of success on the merits. Therefore, Plaintiff's motion for a temporary restraining order (docket #4) is properly denied.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's claims against Defendants are Janice Ansell, Terrie Arredia, Unknown Weiss, Matt Obiden, Unknown Kemp, Robert Warr, Unknown Haataja, Unknown Lataendresse, Unknown Linberg, G. Kinnunen, Unknown Minirich, Unknown Pellow, Unknown Etelamaki, Unknown Jacobson, Unknown Redinger, T. Tremble, Unknown Kommes, Unknown Schnider, Susan Burke, L. Miller, James Armstrong and Jennifer Granholm without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

An Order consistent with this Opinion will be entered.

Date:   July 18, 2006            /s/ Robert Holmes Bell
                                 ROBERT HOLMES BELL
                                 CHIEF UNITED STATES DISTRICT JUDGE