UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ARLANDUS M. NOLEN,

    Plaintiff,

v.                                          Case No. 2:06-cv-125
                                          HON. ROBERT HOLMES BELL

TIMOTHY LUOMA, et al.,

    Defendants.

_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AS MODIFIED

The Court has reviewed the Report and Recommendation (docket #164) filed by the United States Magistrate Judge on February 11, 2008. The Report and Recommendation was duly served on the parties. The Court received objections from the Defendants (docket #171) and the Plaintiff (docket #173, #178). In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made.

In their objections, Defendants Janice Ansell, Burnette, Terri Arredia (Smith), Beth Smith, T. Tollefson, Weiss, Leslie Haataja, Warr, Kinnunen, Hill, Pellow, Etelamaki, Jacobson, Redinger, Tremble, Kommes, Nagele, Marscke, Armstrong, and Granholm maintain that the Magistrate Judge erred in failing to dismiss them from this action on the basis that Plaintiff failed to exhaust his administrative remedies with regard to his claims against them. In the report and recommendation, the Magistrate Judge noted that a "motion to dismiss" was not an appropriate

avenue for showing that Plaintiff had failed to exhaust his administrative remedies, given the fact that this is an affirmative defense. The Magistrate Judge noted:

> It is each defendant's responsibility to support a motion for summary judgment with specific reasons why a issue should be dismissed for failure to exhaust. A general statement that Plaintiff failed to exhaust his grievance remedies will not be sufficient. Moreover, where Defendants' claim that a grievance was not properly filed, it is also Defendants' burden to establish that Plaintiff's grievances were procedurally defective. In *Woodford v. Ngo*, 126 S. Ct. 2378, 2393 (2006), the Supreme Court held that a prisoner fails to satisfy the Prison Litigation Reform Act's (PLRA) exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance.

(February 11, 2008 report and recommendation, p. 11, docket #164.) Defendants asserted this claim in a "motion to dismiss" (docket #126). Defendants now claim that they included a "grievance inquiry" in their brief in support of this motion, which meets the requirement that they prove that Plaintiff did not exhaust his administrative remedies. A review of the record reveals that Defendants have filed a grievance inquiry for Plaintiff which lists every grievance he has filed, in addition to related grievances which were not attached to Plaintiff's complaint. Therefore, because Defendants now ask that the court consider evidentiary materials beyond the pleadings, the standards applicable to summary judgment apply. *See* Fed. R. Civ. P. 12(b). Based on the grievance inquiry, it appears that Defendants have supported their claim that Plaintiff failed to exhaust his administrative remedies. Therefore, the court will grant summary judgment to Defendants Janice Ansell, Burnette, Terri Arredia (Smith), Beth Smith, T. Tollefson, Weiss, Leslie Haataja, Warr, Kinnunen, Hill, Pellow, Etelamaki, Jacobson, Redinger, Tremble, Kommes, Nagele, Marscke, Armstrong, and Granholm pursuant to Plaintiff's failure to exhaust administrative remedies.

Defendants also claim that the Magistrate Judge erred in concluding that the July 16, 2007, motion for summary judgment did not address the merits of Plaintiff's claims against Defendants Resident Unit Officer Randall Haataja and Defendant Brad Perry. Defendants claim that Defendant Randall Haataja is discussed on page 11 of Defendants' brief in reference to the July 17, 2005, incident, and that Defendant Perry is discussed on pages 10 and 11 in reference to the July 17, 2005, and the February 28, 2005, incidents. Defendants also assert that the affidavits of Defendants Randall Haataja and Perry are attached to the brief as exhibits K and J. A review of the brief and attachments indicates that Defendants fail to specify Haataja and Perry by name with regard to the February 28, 2005, and the July 17, 2005, incidents. However, their affidavits support Defendants' assertion. As noted by the Magistrate Judge in the report and recommendation, Plaintiff's allegation that he was "assaulted" on February 28, 2005, does not rise to the level of a constitutional deprivation. Moreover, the Magistrate Judge concluded that Plaintiff's claim regarding the July 17, 2005, assault is barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).

In his objections, Plaintiff states that *Heck v. Humphrey* does not bar his claims because he was already eligible for parole. This objection lacks merit as disciplinary credits apply to a prisoner's maximum sentence. *Ryan v. Department of Corrections*, 259 Mich. App. 26, 672 N.W.2d 535 (2003). Plaintiff also reasserts the allegations made in response to Defendants' motions. For the reasons set forth in the report and recommendation, these allegations lack merit.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as modified by the opinion of the court and Defendants' motions for summary judgment (docket #84, #126, #141 and #148) and Plaintiff's motion to voluntarily dismiss Defendants Kemp and LaLonde (docket #130) are GRANTED.

IT IS FURTHER ORDERED that Defendants Janice Ansell, Burnette, Arredia, LaLonde, Smith, Tollefson, Weiss, Haataja, Kemp, Warr, Kinnunen, Hill, Pellow, Etelamaki, Jacobson, Redinger, Tremble, Kommes, Nagele, Marske, Armstrong, and Granholm are DISMISSED without prejudice.

IT IS FURTHER ORDERED that Defendants Edlund, Luetzow, Perry, Wertenan, Reynolds, Hoover, Haataja, Lataendresse, Lampella, Burke, Miller, Sweeney, Lesatz, and Jondreau are DISMISSED with prejudice.

FINALLY, IT IS ORDERED that Plaintiff's motion for reconsideration (docket #174) of the February 11, 2008, order partially granting Plaintiff's motion to amend, and Plaintiff's motion for reconsideration of the February 11, 2008, order partially granting Plaintiff's motion to serve his complaint (docket #175) are DENIED.


Date:   March 28, 2008              /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE