UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


ARLANDUS M. NOLEN,

        Plaintiff,

v.                                                                          Case No. 2:06-cv-125
                                                                            HON. ROBERT HOLMES BELL

TIMOTHY LUOMA, et al.,

        Defendants.

_____/


**REPORT AND RECOMMENDATION**

      Plaintiff Arlandus M. Nolen, an inmate currently confined at the Marquette Branch

Prison (MBP), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against several

employees of the Michigan Department of Corrections (MDOC).  Plaintiff's complaint alleges that

Defendants retaliated against him for filing grievances by seizing and destroying his property,

denying him food, water, yard, cleaning supplies, and bedding, threatening him, falsifying

misconduct charges against him, depriving him of religious material and the ability to practice his

religion, interfering with legal mail, improperly placing him on modified access to the grievance

procedure, and assaulting him with no provocation.  For relief, Plaintiff requests damages and costs.

      Defendants Obiden, Ansell, Luoma, Johnson and Kutchie have moved for summary

judgment.  Summary judgment is appropriate only if the moving party establishes that there is no

genuine issue of material fact for trial and that he is entitled to judgment as a matter of law.  Fed. R.

Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  If the movant carries the

burden of showing there is an absence of evidence to support a claim or defense, then the party

opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and

admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The

nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is

a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed

in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment

motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing*

*Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in

support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately,

the court must determine whether there is sufficient "evidence on which the jury could reasonably

find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir.

1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue

of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single

affidavit concerning state of mind created factual issue).

Defendants Obiden, Ansell, Luoma, Johnson and Kutchie argue that they could not

have violated plaintiff's rights based upon the allegations stated in the complaint. Plaintiff alleges

that defendant Obiden on November 18, 2004 smiled at plaintiff and asked plaintiff if he was ready

to return to his cell after a property search had taken place. Plaintiff makes no allegations against

defendant Ansell. Defendant Ansell reviewed Step I grievances that were rejected due to policy

considerations and signed a form for a Footlocker restriction dated September 7, 2004. Defendant

Warden Luoma acted as a Step II grievance appeal respondent. Defendant Johnson was mentioned

as being an escorting staff member when plaintiff was removed from his cell on September 14, 2004.

Plaintiff asserts that defendant Kutchie entered his cell and removed a receipt for an expedited legal

mail order.  Defendant Kutchie claims that he only removed a piece of paper from plaintiff's cell that

belonged to another prisoner.  The paper was delivered to the other prisoner.

Plaintiff has argued that defendants Ansell and Luoma are liable because of their

supervisory authority.  Liability under Section 1983 must be based on more than merely the right to

control employees.  *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City*

*Department of Social Services*, 436 U.S. 658 (1978).  Thus, Section 1983 liability cannot be

premised upon mere allegations of *respondeat superior*.  *Monell*, 436 U.S. at 691; *Polk*, 454 U.S.

at 325.  A party cannot be held liable under Section 1983 absent a showing that the party personally

participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly

unconstitutional conduct.  *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989),

*cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459

U.S. 833 (1982).  *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S.

845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if

plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and

that this failure resulted in a denial or deprivation of plaintiff's federal rights.  *See e.g. Leach*, 891

F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985).  However, the failure of a

supervisor to supervise, control or train the offending employee is not actionable absent a showing

that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some

other way directly participated in, the offensive conduct.  *Leach*, 891 F.2d at 1246.  Such a claim

requires, at a minimum, that the official had knowledge of the offending employee's conduct at a

time when the conduct could be prevented, or that such conduct was otherwise foreseeable or

predictable.  *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992).  In addition, plaintiff must

show that defendant had some duty or authority to act.  *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991).  In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability.  *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988).  Finally, supervisory liability claims cannot be based on simple negligence.  *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).  In the opinion of the undersigned, defendants Ansell and Luoma are entitled to dismissal.

Plaintiff alleges that his First Amendment right to file grievances and access the courts was violated by defendants.  It is well established that prisoners have a constitutional right of access to the courts.  *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners.  *Id.* at 817.  The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them."  *Id.* at 824-25.  An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit.  In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury."  *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1, 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992); *Ryder v. Ochten*, No. 96-2043, 1997 WL 720482, *1-2 (6th Cir. Nov. 12, 1997).  In other words, a plaintiff must plead and demonstrate that the

- 4 -

shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim.  *Lewis*, 518 U.S. at 351-353; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  Plaintiff has not shown any actual injury that could establish an access to the courts claim.

Plaintiff also alleges that defendants retaliated against him for filing grievances and complaints.  Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution.  *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc).  In order to set forth a First Amendment retaliation claim, a plaintiff must establish that:  (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct.  *Thaddeus-X*, 175 F.3d at 394.  Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct.  *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).  Plaintiff has asserted that he engaged in protected conduct by filing grievances and complaints.  However, plaintiff has not shown that any adverse action was taken that would deter a person of ordinary firmness from engaging in further grievance or complaint filing.  Similarly, plaintiff has not shown that any of the defendants' conduct was motivated by plaintiff's grievance or complaint filings.

Plaintiff alleges that defendants violated his Eighth Amendment rights.  The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes.  Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency."  *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).  The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain."  *Ivey v.*

*Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).  The

deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities."

*Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-601 (6th Cir. 1998).  The

Eighth Amendment is only concerned with "deprivations of essential food, medical care, or

sanitation" or "other conditions intolerable for prison confinement."  *Rhodes*, 452 U.S. at 348

(citation omitted).  Moreover, "Not every unpleasant experience a prisoner might endure while

incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth

Amendment."  *Ivey*, 832 F.2d at 954.  In the opinion of the undersigned, plaintiff has not supported

any allegations which could support Eighth Amendment claims against these defendants.

Defendants also move for qualified immunity.  Government officials, performing

discretionary functions, generally are shielded from liability for civil damages insofar as their

conduct does not violate clearly established statutory or constitutional rights of which a reasonable

person would have known.  *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v.

Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow

v. Fitzgerald*, 457 U.S. 800, 818 (1982).  An "objective reasonableness" test is used to determine

whether the official could reasonably have believed his conduct was lawful.  *Dietrich*, 167 F.3d at

1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

The procedure for evaluating claims of qualified immunity is tripartite:  First, we

determine whether a constitutional violation occurred;  second, we determine whether the right that

was violated was a clearly established right of which a reasonable person would have known;

finally, we determine whether the plaintiff has alleged sufficient facts, and supported the allegations

by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable

in light of the clearly established constitutional rights.  *Williams v. Mehra*, 186 F.3d 685, 690 (6th

Cir. 1999). In the opinion of the undersigned defendants Obiden, Ansell, Luoma, Johnson and Kutchie are entitled to qualified immunity because plaintiff cannot show that these defendants violated any of his clearly established rights.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to defendants' motion for summary judgment. Accordingly, it is recommended that the motion for summary judgment filed by defendants Obiden, H. Ansell, Luoma, Johnson and Kutchie (Docket #218) be granted.[1]

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: January 23, 2009

---

[1]This leaves the recently served defendant Tom Lindberg as the only remaining defendant who has been served with a summons and complaint.