UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ARLANDUS M. NOLEN,

        Plaintiff,        FILE NO. 2:06-cv-125

v.        HON. ROBERT HOLMES BELL

TIMOTHY LUOMA et al.,

        Defendants.
_____/

## OPINION ADOPTING REPORT AND RECOMMENDATION

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendants Obiden, Ansell, Luoma, Johnson and Kutchie filed a motion for summary judgment (docket #218). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) (docket #246), recommending that this Court grant Defendants' motion and enter judgment for Defendants Obiden, Ansell, Luoma, Johnson and Kutchie. The matter presently is before the Court on Plaintiff's objections to the R&R (docket #247). For the reasons that follow, Plaintiff's objections are rejected and the R&R is adopted in its entirety as the opinion of this court.

**I.**

This Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). *See also U.S. Fidelity & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1088 (6th Cir. 1992) (noting that a district court conducts *de novo* review of magistrate judge's rulings on dispositive motions); *Miller v. Currie*, 50 F.3d

373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

On a motion for summary judgment, a court must consider all pleadings, depositions, affidavits and admissions and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court, however, "'need not accept as true legal conclusions or unwarranted factual inferences.'" *Michigan Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 533 (6th Cir. 2002) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). The party moving for summary judgment has the burden of pointing the court to the absence of evidence in support of some essential element of the opponent's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). Once the moving party has made such a showing, the burden is on the nonmoving party to demonstrate the existence of a genuine issue for trial. *Id.* Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Community Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005).

In order to prove that a triable issue exists, the nonmoving party must do more than rely upon allegations, but must come forward with specific facts in support of his or her claim. *Celotex*, 477 U.S. at 322; *Mulhall v. Ashcroft*, 287 F.3d 543, 550 (6th Cir. 2002). A party opposing a motion for summary judgment "may not merely recite the incantation, 'credibility,' and have a trial in the hope that a jury may believe factually uncontested proof." *Fogery v. MGM Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). After reviewing the whole record, the court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co., Inc.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). "'[D]iscredited testimony is not [normally] considered a sufficient basis'" for defeating the motion. *Anderson*, 477 U.S. at 256-57 (quoting *Bose Corp. v. Consumers Union of United States, Inc.*, 466 U.S. 485, 512 (1984)). In addition, where the factual context makes a party's claim implausible, that party must come forward with more persuasive evidence demonstrating a genuine issue for trial. *Celotex*, 477 U.S. at 323-24; *Matsushita*, 475 U.S. at 586-87; *Street*, 886 F.2d at 1480. "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Daniels v. Woodside*, 396 F.3d 730, 734 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252).

## II.

In his complaint, Plaintiff named 46 Defendants and alleged that they collectively had unlawfully confiscated his property, interfered with his access to the courts and retaliated against him in numerous ways for filing grievances. The Magistrate Judge concluded that Defendants Obiden, Ansell, Luoma, Johnson and Kutchie were entitled to summary judgment. The Magistrate Judge first found that Plaintiff had alleged only that Defendants Ansell and Luoma were liable in the action on the basis of their supervisory authority, allegations that are insufficient to state a claim under § 1983. In addition, the Magistrate Judge concluded that Plaintiff's claim that he was denied access to the courts by these Defendants failed to identify how the alleged deprivations in access to legal materials had hindered his efforts to pursue a nonfrivolous legal claim. The Magistrate Judge further found that Plaintiff had failed to support a claim of retaliation against these Defendants. Moreover, the Magistrate Judge concluded that Plaintiff had failed to support any allegations of an Eighth Amendment violation by these Defendants. For substantially the same reasons, the Magistrate Judge concluded that the Defendants were entitled to qualified immunity.

In his objections, Plaintiff asserts generally that the R&R fails to "reflect the facts in this case that [Plaintiff] submitted in my complaint and subsequent pleadings." (Pl's Objections to R&R, docket #247 at 1.) Plaintiff's objection is meritless. In response to Defendants' motion for summary judgment, Plaintiff filed no affidavits or other evidence. Instead, he simply referred the court to the facts "set out in my complaint and subsequent

pleadings along with proofs." (Pl's Resp. to Mot. for Sum. J., docket #229 at 1.) Plaintiff's complaint was not verified and he has at no time filed an affidavit supporting the allegations in his complaint. As previously discussed, in response to a motion for summary judgment, Plaintiff cannot simply rely on his allegations. *Celotex*, 477 U.S. at 322. In addition, in his response to a motion for summary judgment, Plaintiff bears the burden of demonstrating the existence of a genuine issue for trial. *Id.* at 323. Plaintiff wholly fails even to identify what attachments to his various pleadings actually support his claims against these Defendants. The Court is not required to sift through a docket record containing more than 250 entries to determine if some evidence has been filed at some point that would support any of the allegations relevant to this motion. Notwithstanding that fact, the Court has conducted a review of the supporting materials filed by Plaintiff during the course of this action. Nothing in the record undermines the Magistrate Judge's determinations in the R&R.

Plaintiff also has attached to his objections two affidavits from other prisoners purporting to support his claims. The Court declines to consider the belatedly filed materials. Plaintiff had ample time to file his response to the motion for summary judgment. The Court will not at this late date expand the record to consider the new documents.[1]

### III.

Having considered each of Plaintiff's objections and finding no error, the Court hereby denies Plaintiff's objections and adopts the Report and Recommendation of the Magistrate

---

[1] Without going into detail, the Court notes that, in any event, the affidavits do not appear to demonstrate a genuine issue of material fact on any claim against these Defendants.

Judge as the opinion of the Court. Accordingly, the Court will grant Defendant's motion for summary judgment and enter judgment for Defendant. A Judgment consistent with this Opinion shall be entered.


Dated: June 25, 2009                                   /s/ Robert Holmes Bell
                                                                               ROBERT HOLMES BELL
                                                                               UNITED STATES DISTRICT JUDGE